Filed 8/22/25  Manuel Q. v. Bowman CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MANUEL Q., | B341106 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24WHRO01418) |
| v. | |
| KANDIS BOWMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maria Puente-Porras, Judge.  Reversed.

Decker Law, James Decker and Chris Jones, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

Kandis Bowman appeals the issuance of a restraining order against her pursuant to the Domestic Violence Prevention Act (DVPA; Fam. Code, § 6200 et seq.).[1]  Bowman argues the trial court abused its discretion by refusing to allow her to testify in opposition to the restraining order request.  We agree the evidentiary hearing was improperly one-sided and reverse.

## BACKGROUND

On July 3, 2024, Manuel Q.[2] filed a request for a domestic violence restraining order (DVRO) against Bowman, his former girlfriend, based on her allegedly abusive behavior.  The trial court issued a temporary restraining order that same day and set a hearing on the issuance of a permanent restraining order for July 24, 2024.  On July 15, 2024, Bowman's counsel filed a response to the DVRO request.  The response included a sworn declaration from Bowman disputing Manuel's claims of abuse along with attached exhibits in support of her position.

The July 24, 2024 hearing occurred during a ransomware attack that made it impossible for the trial court to view the electronic case file containing the parties' pleadings.  The trial court kept the temporary restraining order in place, continued the hearing on the issuance of a permanent order to September 4, 2024, and ordered the parties to exchange witness lists, exhibit lists, and exhibits pertinent to the hearing no later than August 23, 2024.  Bowman timely filed and served a witness list

---

[1] Unspecified statutory references are to the Family Code.

[2] As a person seeking protection from alleged domestic violence, we refer to Manuel Q. initially by his first name and last initial (Cal. Rules of Court, rule 8.90(b)(1)), and thereafter by his first name only for ease of reference.  No disrespect is intended.

naming herself and Manuel, along with an exhibit list that attached copies of the identified exhibits. Manuel did not file anything.

Manuel and Bowman both appeared at the September 4, 2024 hearing. Bowman was represented by counsel[3] who appeared telephonically; Manuel was self-represented. Manuel asked for a continuance to gather more evidence, and the court denied the request. After having both parties sworn in, the court explained the process it would employ to resolve Manuel's DVRO request. The court said it would first ask Manuel questions about what he contended had occurred, and then Bowman's counsel could cross-examine Manuel. Once that was finished, "whomever is [Manuel's] next witness, whether it is [Bowman] or if the attorney calls [Bowman], [Manuel] will have the same opportunity to ask her questions."

The court questioned Manuel to elicit his version of what occurred. Bowman's counsel then cross-examined Manuel; the cross-examination was at times contentious, with the court cautioning counsel about his tone, admonishing counsel not to interrupt, and sustaining its own objections to irrelevant questions. When the questioning of Manuel concluded, Manuel stated he had no further witnesses. The court then asked Bowman's counsel if he had any witnesses, and he responded "No."

The court proceeded to grant a five-year DVRO in Manuel's favor and orally set forth its prohibitions. As the court was stating its ruling, Bowman attempted to interject, saying "I have

---

[3] The counsel who represented Bowman before the trial court is not her appellate counsel in this matter.

3

a --." The court did not acknowledge Bowman's interruption and continued speaking until it had completed making its orders. After the court said it was done, Bowman objected that she did not get a chance to tell her side of the story before the DVRO was issued. The court said Bowman did not have such an opportunity because "[y]our attorney indicated there [were] no other witnesses. . . . [W]e are done." Bowman's counsel said he had understood from the court's introductory remarks that it would question Bowman in the first instance; Bowman indicated she had the same understanding. The court explained that was not what it had said, and if Bowman and her counsel thought that "[t]hen you thought wrong" and "we're done. You made a choice." Bowman's counsel continued to state he did not intend to make any such choice and to ask that the court hear from Bowman, with the court responding "we're done" on multiple occasions, at which point counsel blurted "[y]ou said we're done" and hung up the phone. The court then told Bowman to consult with her attorney and ended the hearing.

Bowman timely appealed.

## DISCUSSION

Bowman asserts we should reverse and remand for a new evidentiary hearing because the trial court denied her due process, including a fair opportunity to present evidence in her defense. We agree.

"Generally, we review a trial court's decision to grant or deny a restraining order under the DVPA for an abuse of discretion. [Citation.] However, ' "[a]ll exercises of discretion must be guided by applicable legal principles . . . which are derived from the statute under which discretion is conferred. [Citations.] . . . [A] discretionary order based on an application

4

of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal. [Citation.]" [Citation.] "The question of whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law [citation] requiring de novo review [citation]." ' " (*Jan F. v. Natalie F.* (2023) 96 Cal.App.5th 583, 592-593.) Likewise, " '[w]e independently review due process claims "because 'the ultimate determination of procedural fairness amounts to a question of law.' " ' " (*In re Marriage of D.S. & A.S.* (2023) 87 Cal.App.5th 926, 933.)

Permanent restraining order "hearings are subject to section 217" (*In re Marriage of D.S. & A.S., supra,* 87 Cal.App.5th at p. 934), which requires that courts "receive any live, competent testimony that is relevant and within the scope of the hearing." (§ 217, subd. (a).) "Apart from the provisions of the statute applicable to this proceeding, it is the general rule that the right of a party to testify in his own behalf is fundamental." (*Guardianship of Waite* (1939) 14 Cal.2d 727, 729-730.) " 'Denying a party the right to testify or to offer evidence is reversible per se.' " (*In re Marriage of Carlsson* (2008) 163 Cal.App.4th 281, 291.)

Both parties here sought to present live testimony. Manuel testified; Bowman filed a witness list before the hearing that included herself. Bowman and her counsel both stated they understood the court would question Bowman as it had questioned Manuel and that they did not intend to waive their right to present any evidence in opposition to the DVRO request.

This belief was neither feigned nor unreasonable.[4]  Before the evidentiary hearing began, the court addressed how it would receive testimony.  The court told Bowman's counsel that it would either let Manuel "tell [the court] from the beginning what [his] basis" was for seeking a restraining order, or the court would "ask questions to get the information" before "open[ing] it up for the opposing side to cross-examine."  Counsel stated he was fine doing it either way, and the court indicated its preference for asking questions first.

The court did not separately explain how it would address Bowman's testimony.  But the court's statements created the impression that at some point the court was going to hear from Bowman, and one can understand how Bowman thought the court's preference was similarly to question her in the first instance.  The court did tell Manuel that "whomever is your next witness, whether it is [Bowman] or if the attorney calls [Bowman], you will have the same opportunity to ask her questions."  We decline to find the passing reference to "if the attorney calls [Bowman]" in a colloquy with Manuel about the presentation of his evidence an undeniably clear directive that the court would not employ the same process it had used with Manuel when it was Bowman's turn, or to mean that Bowman and her counsel knowingly and intentionally waived their right to present any defense evidence at all—despite Bowman listing

---

[4] If the actions of Bowman and her counsel demonstrated gamesmanship—for example, a knowing waiver of the right to present evidence that was reconsidered only upon learning the court had ruled against Bowman—we would of course analyze this matter differently.  As that is not the case here, we express no opinion on such a situation.

herself as a witness on her witness list, despite her submitting an affidavit before the hearing outlining her testimony, despite filing a list of exhibits she intended to introduce at the hearing, and despite promptly clarifying that she intended no such waiver once the misunderstanding became apparent.

The court's refusal to reopen the evidentiary hearing and let Bowman testify in these circumstances was an abuse of discretion. Compounding the prejudice from the court's refusal to hear Bowman's testimony is that the court did not consider her declaration in opposition to the DVRO request while nevertheless relying on the supporting affidavit filed by Manuel. We know the court relied on Manuel's declaration because the court ordered Bowman to pay $600 for damages suffered by Manuel from the alleged abuse. The only evidence of this $600 figure is in Manuel's sworn DVRO request; he did not testify to that amount (or any other) during the hearing.

Although the DVPA provides that a court "may issue" a DVRO based on "the affidavit . . . of the person requesting the restraining order" (§ 6300, subd. (a)), it does not provide for the automatic admission into evidence of declarations at a permanent restraining order hearing conducted pursuant to section 217. (Cf. *In re Marriage of Shimkus* (2016) 244 Cal.App.4th 1262, 1270-1271 [discussing § 217 hearings generally].) The court did not say anything suggesting it was going to consider the parties' declarations as evidence. "To the contrary: the trial court gave every indication at the hearing that it intended *not* to consider the [parties' d]eclaration[s] in issuing its ruling." (*In re Marriage of Swain* (2018) 21 Cal.App.5th 830, 842.) It stated that Manuel would need to testify "from the beginning what [his] basis is for the court [to] consider[] granting a protective order" independent

7

of the facts set forth in his declaration; the court cannot have considered Bowman's declaration as it did not permit Manuel to cross-examine her about its contents.  (*Id.* at p. 842 [§ 217 requires the court to provide "the opportunity to cross-examine" an opposing party "concerning statements in her [d]eclaration on which the trial court might rely"].)  The trial court therefore erred in relying on Manuel's declaration when ruling (*ibid.*), adding to the unfairly one-sided nature of the proceeding.

The trial court, needing to manage a busy family law calendar, was understandably frustrated with how Bowman's counsel conducted himself during the September 4, 2024 hearing.  That said, "[t]he conduct of the hearing in this matter fell far short of providing [Bowman] a meaningful opportunity to be heard."  (*In re Marriage of D.S. & A.S.*, *supra*, 87 Cal.App.5th at p. 935.)  The trial court abused its discretion by not reopening the hearing to permit Bowman to present evidence in her defense, and deciding the case based solely on evidence from Manuel.

## DISPOSITION

The September 4, 2024 restraining order is reversed, and the matter is remanded for a new evidentiary hearing. In the interest of justice, the parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

BENDIX, Acting P. J.

M. KIM, J.